IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

<table>
<tr><td>CHI KEUNG LAI,</td><td>Case No. 1:26-cv-03479</td></tr>
<tr><td>Plaintiff,</td><td>Hon. Andrea R. Wood</td></tr>
<tr><td>v.</td><td>Mag. Judge Albert Berry III</td></tr>
<tr><td>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",</td><td></td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMASHOW (NO. 9), HEI JING (NO. 12), DRIZZLEL (NO. 13), AND WANXIAO (NO. 26) TO PLAINTIFF'S COMPLAINT**

Defendants AmaShow (Schedule A No. 9), Hei Jing (Schedule A No. 12), Drizzlel (Schedule A No. 13), and Wanxiao (Schedule A No. 26) (each, an "Answering Defendant," and collectively, the "Answering Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Chi Keung Lai ("Plaintiff"). Each Answering Defendant is a separate, independently owned and operated business entity. Each Answering Defendant answers solely on its own behalf, based on its own knowledge, and not on behalf of any other defendant. Except as expressly admitted below, each Answering Defendant denies each and every allegation of the Complaint. The section headings of the Complaint are reproduced for convenience only and are not admissions. The numbered paragraphs below respond to the correspondingly numbered paragraphs of the Complaint. Each Answering Defendant files this Answer subject to, and without waiver of, its defenses of insufficient service of process under Fed. R. Civ. P. 12(b)(5) and the

Hague Service Convention, and expressly reserves the right to move to quash service and to dismiss for insufficient service of process.

**JURISDICTION AND VENUE**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants admit that this Court has subject-matter jurisdiction over claims arising under the Copyright Act, 17 U.S.C. § 101 et seq., but deny that they have committed any act giving rise to liability under that Act.

2. Paragraph 2 states legal conclusions regarding venue and personal jurisdiction to which no response is required.

**INTRODUCTION**

3. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 concerning Plaintiff's purported copyright registrations, his identity as "Andy Westface," and his artistic background, and on that basis denies them.

4. Each Answering Defendant denies that it is an online copyright infringer, denies that it has traded upon Plaintiff's reputation, goodwill, or copyrights, and denies that it has sold or offered for sale any product that infringes any work of Plaintiff. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4, including those directed to any other defendant, and on that basis denies them.

5. The copyright registration certificates referenced in Paragraph 5 and attached to the Complaint as Exhibit 1 are documents that speak for themselves. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations concerning Plaintiff's ownership of those registrations and their effective dates, and on that basis denies them. Each Answering Defendant denies that it has committed any act of copyright infringement.

6. Each Answering Defendant denies the allegations of Paragraph 6 as directed to it.

7. Each Answering Defendant denies the allegations of Paragraph 7 as directed to it.

## THE PLAINTIFF

8. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 concerning Plaintiff, his ownership of the asserted copyright registrations, his background, and his products, and on that basis denies them.

9. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, including the allegations concerning Plaintiff's promotional efforts and any image or web page reproduced therein, which speaks for itself, and on that basis denies them.

10. The registration certificates referenced in Paragraph 10 and attached as Exhibit 1 speak for themselves. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the validity and ownership of those registrations, and on that basis denies them.

11. Each Answering Defendant denies the allegations of Paragraph 11 as directed to it, including any allegation that it designed an internet store to appear to sell authorized Andy Westface Products.

12. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12, and on that basis denies them.

13. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and on that basis denies them.

14. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and on that basis denies them.

15. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, and on that basis denies them.

## THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT

16. Each Answering Defendant admits that it is a business entity located outside the United States, that it operates the interactive Amazon.com storefront identified by its respective Seller ID on Schedule A, and that it has offered for sale and sold products to consumers in the United States. Each Answering Defendant denies that any product it offered or sold constitutes an "illegal Andy Westface Product" or otherwise infringes any work of Plaintiff.

## COUNT I — COPYRIGHT INFRINGEMENT

17. Each Answering Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 16 above as though fully set forth herein.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations herein.

19. The registration certificates referenced in Paragraph 19 and attached as Exhibit 1 speak for themselves. Each Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's ownership of the exclusive rights and the validity of the registrations.

20. Each Answering Defendant denies the allegations herein.

21.     Each Answering Defendant denies the allegations herein.

22.     Each Answering Defendant denies the allegations herein.

## RESPONSE TO PRAYER FOR RELIEF

The Answering Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief in its entirety, and deny that Plaintiff has suffered any damage or injury for which any Answering Defendant is liable. Each Answering Defendant respectfully requests that the Complaint be dismissed with prejudice as to that Answering Defendant.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to plead additional defenses as discovery proceeds, each Answering Defendant asserts the following separate and additional defenses. Each defense is asserted by each Answering Defendant only on its own behalf.

### First Defense (Non-Infringement)

Each Answering Defendant has not infringed and is not infringing any valid copyright owned by Plaintiff. Any product offered by an Answering Defendant does not copy any protectable, original expression in the Andy Westface Works.

### Second Defense (No Willfulness; Innocent Infringement)

Any alleged infringement, which is denied, was not willful. Each Answering Defendant offered the products at issue in good faith, in reliance on third-party suppliers, and without knowledge of or intent to infringe any copyright of Plaintiff.

If any Answering Defendant is found to have infringed, which is denied, and Plaintiff elects to recover statutory damages, any such award must be reduced under 17 U.S.C. § 504(c)(2)

because the Answering Defendant was not aware, and had no reason to believe, that its acts constituted infringement of Plaintiff's copyrights. Each Answering Defendant acquired the products at issue from third-party suppliers in the ordinary course of business, and the single design alleged to correspond to a work of Plaintiff appeared as only one of dozens of individual designs within a larger compilation offered for sale. Under these circumstances, the Court should exercise its discretion to reduce any statutory damages award to a sum of not less than $200 per work infringed.

**Third Defense (De Minimis Use)**

Any use of the Andy Westface Works attributable to an Answering Defendant, which is denied, was de minimis and not actionable.

**Fourth Defense (Fair Use)**

Without conceding that any Answering Defendant copied any protectable expression, and to preserve the defense, each Answering Defendant asserts that any use of the Andy Westface Works was a fair use under 17 U.S.C. § 107. Plaintiff's image is only a small fraction of a large collage/mosaic of images, see, e.g., *Blanch v. Koons*, 467 F.3d 244 (2d Cir. 2006).

**Fifth Defense (Failure to Mitigate)**

Plaintiff's claims for damages are barred or limited by Plaintiff's failure to mitigate its alleged damages.

**Sixth Defense (Improper Joinder / Misjoinder)**

The Answering Defendants are improperly joined under Federal Rules of Civil Procedure 20 and 21. Each Answering Defendant is a separate business entity, with its own ownership, management, and place of business, that has no relationship with, and has not collaborated,

colluded, conspired, coordinated, or acted in concert with, any other defendant. The claims asserted against the defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and no question of law or fact common to all defendants will arise beyond a generalized allegation of infringement. Any incidental commonality among defendants — such as selling on the same online marketplace or independently sourcing inventory from a common upstream supplier — does not establish that the defendants acted in concert or as part of the same transaction or occurrence. The claims against each Answering Defendant should be severed and dismissed.

## Seventh Defense (Limitations and Laches)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, 17 U.S.C. § 507(b), and/or by the doctrine of laches.

## Eighth Defense (Apportionment of Profits — 17 U.S.C. § 504(b))

Each accused product is a compilation of many distinct designs — for example, a sticker set comprising a large number of distinct stickers — only one of which is alleged to correspond to a work of Plaintiff. Any profits of an Answering Defendant are therefore attributable overwhelmingly to non-infringing designs, components, and other factors having nothing to do with any work of Plaintiff, and any award of profits must be apportioned to exclude profits attributable to those non-infringing elements.

## Ninth Defense (Insufficient Service of Process)

Service of process on Defendant was insufficient under Fed. R. Civ. P. 12(b)(5) and the Hague Service Convention. Defendant is a business entity located in the People's Republic of China, and service is therefore governed by the Hague Service Convention. China has objected to

Article 10 of the Convention. Service by email or other electronic means on a Chinese defendant is impermissible where the Convention applies. Defendant's mailing address was publicly available on its Amazon storefront and was known or reasonably ascertainable to Plaintiff through reasonably diligent efforts. *See Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017); *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd*., 2026 WL 1502198 (7th Cir. 2026). Defendant asserts and preserves this defense and expressly reserves the right to move to quash service and to dismiss the Complaint.

**Tenth Defense (Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over Defendant consistent with due process. Defendant is a Chinese business entity and did not purposefully avail itself of the privilege of conducting activities in Illinois. Defendant asserts and preserves this defense under Fed. R. Civ. P. 12(b)(2).

**Eleventh Defense (17 U.S.C. § 412)**

Plaintiff is barred from recovering statutory damages or attorney's fees under 17 U.S.C. § 412.

## PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff as follows:

a. dismissing the Complaint with prejudice as to each Answering Defendant;

b. severing the claims against each Answering Defendant for misjoinder;

c. denying Plaintiff all relief requested in the Complaint;

d. finding that no Answering Defendant has infringed any copyright of Plaintiff;

e. awarding the Answering Defendants their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

f. granting such other and further relief as the Court deems just and proper.


Dated: June 30, 2026                              Respectfully submitted,


                                                  /s/ Longhao Wang
                                                  Longhao Wang
                                                  IL Bar No. 6316761
                                                  LW Legal LLC
                                                  150 S. Wacker Drive, Suite 2400
                                                  Chicago, IL 60606
                                                  Telephone: 718-200-9474
                                                  Email: lwang@lwlegalfirm.com
                                                  *Counsel for Defendants AmaShow,*
                                                  *Hei Jing, Drizzlel, and Wanxiao*


## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


                                                  /s/ Longhao Wang
                                                  Longhao Wang