**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHI KEUNG LAI,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-03479

Judge Andrea R. Wood

Magistrate Judge Albert Berry, III

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS IDENTIFIED IN FIRST AMENDED SCHEDULE A**

Plaintiff, Chi Keung Lai ("Lai" or "Plaintiff"), asks the Court to enter default and default judgment against nineteen of the twenty Defendants identified in First Amended Schedule A (the "Defaulting Defendants"): fifteen residing in the People's Republic of China ("PRC" or "China"), three in the Socialist Republic of Vietnam ("VN" or "Vietnam"), and one in the Hong Kong Special Administrative Region ("HK" or "Hong Kong SAR"). Each Defaulting Defendant sold products bearing Plaintiff's registered artwork through an online storefront that ships to Illinois. Service was completed on June 9, 2026, pursuant to the Court's May 29, 2026 order. [16]; [19]. As of today, no Defaulting Defendant has answered, appeared, or otherwise responded.

The Court's recent orders ask whether each Defaulting Defendant was properly served and whether the Court has personal jurisdiction over it. On service, Plaintiff investigated the platform-disclosed address of each Defaulting Defendant and, for the PRC Defendants, checked the seller against the PRC business registry. Where that investigation shows the address is not known within the meaning of Article 1 of the Hague Service Convention, the Convention does not apply and the email service the Court ordered under Rule 4(f)(3) was proper. Where the record shows an address

may be known, Plaintiff says so and asks, in the alternative, for leave to serve through the channel the Convention provides. On jurisdiction, Plaintiff relies on completed sales of the accused goods into Illinois, as *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), requires.

## BACKGROUND

Plaintiff filed this action on March 30, 2026, alleging willful copyright infringement under 17 U.S.C. § 501. [1]. On May 29, 2026, the Court granted Plaintiff leave to conduct expedited discovery and to serve the Defendants by email and electronic publication under Rule 4(f)(3). [15]; [16] ¶ 3. Paragraph 3 of the Order permits notice and service "by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website along with copies of the documents to be served to the e-mail addresses provided for Defendants by third parties." [16] ¶ 3. On June 9, 2026, Plaintiff's counsel sent the Complaint, Summons, and the other documents the Order identified to the email addresses associated with the Defendants' accounts on the Amazon and PayPal marketplaces, and published the same documents on a website. [19]; [19-1] ¶¶ 3-5.

No Defaulting Defendant has answered or appeared. Declaration of Keith A. Vogt ("Vogt Decl.") ¶ 3. Twenty Defendants remain, nineteen of which are the Defaulting Defendants; Defendant No. 3 is not addressed by this motion.

## ARGUMENT

### I. The Court Has Subject-Matter Jurisdiction and Venue Is Proper

The Court has original subject-matter jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391. [1] ¶¶ 1-2. Personal jurisdiction is addressed defendant by defendant in Part III.

## II. Each Defaulting Defendant Was Properly Served

### A. The framework after *Kangol*

Rule 4(f)(3) permits service on a foreign individual or entity "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); see Fed. R. Civ. P. 4(h)(2). The Court so ordered here. [16] ¶ 3. The question the Court has asked in similar cases is whether an international agreement prohibits the method used. The Hague Service Convention is such an agreement, but by its terms it "shall not apply where the address of the person to be served with the document is not known." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

In *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, the Seventh Circuit held that the Convention prohibits service by email in China where the Convention applies, because China has objected to Article 10(a), and that a district court must first decide whether the Convention applies at all. 177 F.4th 793, 801–02 (7th Cir. 2026). The court noted that district courts typically require a plaintiff invoking Article 1 to make "reasonably diligent efforts to ascertain and verify" the defendant's mailing address, id. at 799 (quoting *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). This memorandum therefore treats the diligence standard as the one district courts apply, and treats the question whether an address is "known" as one on which Plaintiff bears the burden. An address is known for these purposes when a diligent search can verify it as a real, current location connected to the person to be served; a string of text that does not resolve to a unit, or that cannot be tied to an ascertainable entity operating the storefront, is not a known address of that defendant.

### B. The fifteen PRC Defendants

For each of the fifteen PRC Defendants (Nos. 1, 4, 6, 8, 14, 15, 19, 21, 25, 28, 29, 34, 36, 40, and 43), Plaintiff cataloged the business name and address in the seller's Amazon profile, searched that address on Google, Google Maps, and Baidu Maps (百度地图) and/or Amap (高德地图), and searched the business name, by name only, on Tianyancha (天眼查), the PRC business registry. Declaration of Yanling Jiang ("Jiang Decl.") ¶¶ 4-7, 11 & Exs. A-B.

No search located the stated unit or room for any of Defendant Nos. 1, 4, 6, 8, 14, 15, 19, 21, 25, 28, 29, 34, 36, 40, and 43. Jiang Decl. ¶¶ 6–8 & Exs. A–B. Without a registered entity connected to the storefront at the stated address, that address cannot be verified as one at which the Defendant operates. Even though Tianyancha returns a single active entity whose registered address matches the address disclosed for Defendant Nos. 1, 25, 34, and 40, the match itself does not make the address a known address of the Defendant. For example, for No. 1 (LOMTRATS), the registered address is a building-level string with no unit provided, and the Baidu capture lists other companies registered at the same string with different rooms. For No. 25, the street number is shared by at least four other businesses in the Amap capture, none of which corresponds to the registered technology company. For No. 34, the registered address is a rural village address the registry records as self-declared. For No. 40, the registrant's legal representative corresponds to the storefront name, the strongest link between a storefront and a registrant in the case, but the address is a village location with no road name. In none of the four does the map search resolve the stated unit or house. Jiang Decl. ¶ 8(a)-(d) & Exs. A-B.

Because the address of each of the fifteen PRC Defendants is not known within the meaning of Article 1, the Convention does not apply to them, and the email and electronic-publication service the Court authorized under Rule 4(f)(3) was proper. Should the Court find the

address of any Defendant to be known, Plaintiff requests leave, as to that particular Defendant only, to serve through the Central Authority.

### C. The three Vietnam Defendants (Nos. 10, 11, and 24)

*Kangol* rests on China's objection to Article 10(a). 177 F.4th at 801. The court did not decide whether email is a "postal channel" within Article 10(a), and it held the Convention exclusive where it applies. Id. at 800–01. Vietnam's declaration is different. Vietnam "does not oppose to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt."[1]

First, the addresses are not known. The three Vietnam Defendants (all in Quang Binh: No. 10 in Dong Hoi, No. 11 in Minh Hoa, No. 24 in Bo Trach) gave Amazon addresses that identify a residential group, a town, or a commune but not a house. Plaintiff searched each address on Google web search and Google Maps. None resolved below ward, town, or commune level, and none includes a house number. Jiang Decl. ¶ 9 & Ex. A, Nos. 10, 11, 24. Because the address of each is not known, the Convention does not apply and email service under Rule 4(f)(3) is proper. Hague Convention art. 1, 20 U.S.T. at 362. For the same reason, Article 15 does not bar judgment. Article 15 governs default judgment only where a document was transmitted for service "under the provisions of the present Convention," and here the Convention does not apply at all. See *Kangol*, 177 F.4th at 802 (declining to reach Article 15 as premature because the Convention's application was undecided).

[1] Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification, Viet Nam, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited October 1, 2026).

Second, even if an address were treated as known, Vietnam permits Article 10(a) service. Article 10(a) provides that the Convention does not "interfere with ... the freedom to send judicial documents, by postal channels, directly to persons abroad," 20 U.S.T. at 363, and the Supreme Court has held that Article 10(a) encompasses service by mail where the receiving state has not objected and the forum's law authorizes it. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Vietnam has not objected; it has accepted postal-channel service on one condition. The Seventh Circuit left open whether email is a postal channel under Article 10(a). *Kangol*, 177 F.4th at 801. Plaintiff submits that it is: email directly to a defendant abroad is a direct, non-governmental transmission that Article 10(a) leaves free where the destination state has not objected, and the Rule 4(f)(3) order supplies the forum-law authorization *Water Splash* requires. Each Vietnam Defendant has an email address on file with the platform, which is at least as reliable as an unverified physical address and "reasonably calculated, under all the circumstances," to apprise the Defendant of the action. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); see *NBA Props.*, 549 F. Supp. 3d at 797.

Alternatively, if the Court concludes that Vietnam's registered-mail condition applies to email, Plaintiff requests leave to serve each Vietnam Defendant by registered mail with acknowledgement of receipt under Article 10(a), at the Amazon-disclosed address, and to file a status report on the result. That is the method Vietnam's declaration accepts. And should the Court treat any Vietnam Defendant's address as known, Article 15 would then govern judgment against that Defendant. In that event, Plaintiff asks, as to that Defendant only, that judgment be deferred until registered-mail service under Article 10(a) is completed and reported, so that the record satisfies Article 15 however the Court reads it.

### D. The Hong Kong Defendant (No. 137)

Defendant No. 137 (giftsflash) is the only Hong Kong Defendant. First, the address is not known. PayPal disclosed an address on the seventh floor of Dawning House, 145 Connaught Road Central, Sheung Wan, and the Defendant's own website repeats it. Jiang Decl. ¶ 10 & Ex. A, No. 137. The building can be located; the Defendant cannot be located in it. Google Maps resolves the search only to the building's own listing, which Google categorizes as a "Corporate office," with a website and telephone number that belong to someone other than the Defendant. *Id.* Dawning House is a twelve-to-thirteen-story multi-tenant commercial office building that houses small and medium enterprises, trading companies, and professional services. *Id.* The stated address names a floor but no unit, no search identifies any occupant of the seventh floor, and nothing but the Defendant's own statements to PayPal and on its website places the Defendant there. *Id.* The address therefore does not correspond to a valid business or mailing address of the Defendant. Because the address is not known, the Convention does not apply, and email service under Rule 4(f)(3) was proper. Hague Convention art. 1, 20 U.S.T. at 362. As with the Vietnam Defendants, Article 15 therefore does not bar judgment. *Kangol*, 177 F.4th at 802.

Second, even if the address were treated as known, email service on No. 137 was proper, because *Kangol* does not reach Hong Kong. *Kangol* rests on the mainland's objection to Article 10, and Hong Kong made its own declaration. Hong Kong's declaration states that "documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States."[2] That declaration addresses official

---

[2] Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification, China (Hong Kong SAR), https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited October 1, 2026).

channels. It does not object to Article 10(a). Under *Water Splash*, service by postal channels is permissible where the receiving state has not objected and forum law authorizes it, 581 U.S. at 284, and the Court's Rule 4(f)(3) order supplies the latter. The Hague Conference's 2024 Special Commission noted that Article 10(a) includes transmission and service by email "insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination," provided the addressee's physical address in the State of destination is known.[3] PayPal also disclosed an email address for No. 137, to which the service documents were sent. [19-1] ¶¶ 3-5. Email service on No. 137 is therefore proper under Article 10(a); alternatively, Plaintiff requests leave to serve by postal channel at the disclosed address. Should the Court treat the address as known, Article 15 would govern judgment against No. 137, and Plaintiff asks that judgment as to No. 137 be deferred until service by postal channel at the disclosed address is completed and reported.

### E. Notice and due process

Apart from the Convention, the method used gave each Defaulting Defendant actual and adequate notice. Plaintiff emailed the service documents to the addresses that the platforms themselves hold for each storefront, published the documents on a website, and benefited from any notice the platforms gave their sellers. [16] ¶ 3; [19-1] ¶¶ 3-5. That combination is "reasonably calculated, under all the circumstances," to apprise interested parties of the action. *Mullane*, 339 U.S. at 314. An online seller that does business only through a platform account has structured its business so that it can be reached through that account.

---

[3] Hague Conf. on Priv. Int'l Law, Conclusions and Recommendations of the Special Commission ¶ 105 (July 2024), available at https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf (last visited October 2, 2026).

## III. The Court Has Personal Jurisdiction Over Each Defaulting Defendant

Federal question jurisdiction with no federal service statute means the Court's personal jurisdiction is coextensive with that of an Illinois court, which reaches to the limits of due process. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022). Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting business in Illinois or purposefully directed its activities at the State, that the claim arise out of those contacts, and that jurisdiction comport with fair play and substantial justice. Id. at 621; *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). In Schedule A litigation, "a defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state, has been found sufficient to subject that defendant to personal jurisdiction." *Liu*, 170 F.4th at 1093 (citing *NBA Props.*, 46 F.4th at 623-27). A showing that the defendant merely offered to ship to Illinois is not enough; the Seventh Circuit vacated a default judgment where the record showed only checkout-page screenshots with a Chicago shipping address and an estimated total, "but not a completed purchase." Id. at 1093-94. A single completed sale of the accused product into Illinois through an interactive online storefront is enough. *NBA Props.*, 46 F.4th at 624-25.

Here, each Defaulting Defendant operates an interactive Amazon or PayPal storefront that offered the accused goods in United States dollars with shipping to Illinois, and each completed a sale of an accused item to an Illinois address, shown in two ways.

First, Plaintiff's investigator purchased an accused item from the storefronts of four Defaulting Defendants (Nos. 1, 14, 15, and 137), each shipped to an Illinois address. Vogt Decl. ¶ 5 & Ex. 1. Second, for fifteen Defaulting Defendants (Nos. 4, 6, 8, 10, 11, 19, 21, 24, 25, 28, 29, 34, 36, 40, and 43), Amazon produced records confirming that each completed at least one sale of

the accused goods shipped to Illinois addresses. Vogt Decl. ¶ 6 (table of completed Illinois sales by Defendant).

The claims arise out of those sales, because each sale delivered the infringing product alleged in the Complaint to an Illinois purchaser. See *NBA Props.*, 46 F.4th at 625-27. Jurisdiction is reasonable: a seller that chose to sell into Illinois through a United States marketplace cannot be surprised to answer here for those sales.

## IV. Entry of Default and Default Judgment Is Warranted

Rule 55(a) directs the clerk to enter the default of a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Each Defaulting Defendant was served on June 9, 2026, and the time to respond expired on June 30, 2026. [19]; Fed. R. Civ. P. 12(a)(1)(A)(i). None has responded. Vogt Decl. ¶¶ 2-3. On information and belief, none is an active-duty member of the United States armed forces. Vogt Decl. ¶ 4. Plaintiff therefore asks the Court to enter default.

Rule 55(b)(2) then permits the Court to enter default judgment. A default judgment establishes the defendant's liability on each cause of action alleged in the complaint, *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989), and the well-pleaded allegations of the complaint are taken as true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). To prove copyright infringement a plaintiff must show ownership of a valid copyright and copying of constituent elements of the work that are original. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Plaintiff owns the registrations for the Andy Westface Works, [1] ¶¶ 3, 8, and each Defaulting Defendant sold products that reproduce or are derived from them. [1] ¶ 20. The allegations are admitted by default. Plaintiff is entitled to judgment on Count I.

## V. Statutory Damages Are Appropriate

A copyright owner may elect statutory damages "for all infringements involved in the action, with respect to any one work," of "not less than $750 or more than $30,000 as the court considers just," and, where infringement was willful, up to $150,000. 17 U.S.C. § 504(c)(1)-(2). Infringement is willful where the defendant knew its conduct was infringing or acted in reckless disregard of the owner's rights, and knowledge may be inferred from conduct. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511–12 (7th Cir. 1994); *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003) ("[w]illful blindness is knowledge, in copyright law"). The Seventh Circuit leaves the amount to the court's discretion within the statutory range, guided by the need for deterrence. *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991).

Each Defaulting Defendant copied Plaintiff's artwork onto consumer goods and sold them through a marketplace storefront aimed at American consumers, and then ignored this action. That is willfulness by default. Because the infringing goods were sold over the internet, the reach of the harm is greater than a single local seller's, which supports an award that deters. Accordingly, Plaintiff requests fifty thousand dollars ($50,000) from each Defaulting Defendant. This Court has awarded $50,000 per defendant for willful infringement in a materially similar default posture. *See* Order, *The Art Gallery of Billy Jacobs, Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 1:26-cv-02097, ¶ 4 (N.D. Ill. Sept. 15, 2026), ECF No. 42.

## VI. A Permanent Injunction Is Warranted

A plaintiff seeking a permanent injunction must show that it has suffered an irreparable injury, that remedies available at law are inadequate, that the balance of hardships between plaintiff and defendant favors an equitable remedy, and that the public interest would not be disserved.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A default establishes liability, not entitlement to equitable relief, so the Court should consider each factor. See *e360 Insight, Inc. v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).

Plaintiff has succeeded on the merits by default. The injury is irreparable and not compensable in money: infringers take from Plaintiff the ability to control the nature and quality of products bearing the Andy Westface Works, devalue the works by attaching them to unauthorized goods, and erode the exclusivity that copyright confers. Damages cannot remedy that harm, particularly where the Defaulting Defendants operate from abroad and may not be reachable to pay. The balance of hardships favors Plaintiff, because a willful infringer has no legitimate interest in continuing to sell infringing goods. The public interest is served by upholding copyright and by preventing consumers from buying unauthorized goods that trade on an artist's work.

**VII. The Defaulting Defendants' Marketplace Funds Should Be Applied to the Judgment**

Plaintiff asks that Amazon, PayPal, and any other third-party provider holding funds for the Defaulting Defendants be ordered, within fourteen days of receiving the order, to transfer to Plaintiff the funds held in the Defaulting Defendants' accounts, up to the amount of statutory damages awarded against each Defendant, and be permanently enjoined from allowing the transfer or disposal of any remaining funds up to that amount. This is the relief the Court entered in *Billy Jacobs*. Order, No. 1:26-cv-02097, ¶¶ 5-6 (N.D. Ill. Sept. 15, 2026), ECF No. 42. Plaintiff also asks for authority to commence supplemental proceedings under Rule 69 if further accounts are identified and, for notice of any such proceeding, to use the email addresses third parties provided for the Defaulting Defendants. Id. ¶¶ 7-8.

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against the nineteen Defaulting Defendants; authorize supplemental proceedings under Rule 69; award statutory damages of $50,000 from each Defaulting Defendant under 17 U.S.C. § 504(c)(2); enter the permanent injunction in the proposed order; order the third-party providers to transfer the Defaulting Defendants' funds to Plaintiff up to the amount awarded; and, in the alternative as to any Defaulting Defendant whose address the Court finds known, grant leave to serve that Defendant through the channel the Convention provides, or, for the three Vietnam Defendants, by registered mail with acknowledgement of receipt, and defer entry of judgment against any such Defendant until that service is completed and reported.

DATED: October 2, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

*/s/ Keith A. Vogt*
Keith A. Vogt