**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHI KEUNG LAI,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-03479

Judge Andrea R. Wood

Magistrate Judge Albert Berry, III

## DECLARATION OF YANLING JIANG

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff Chi Keung Lai ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services, including Baidu Maps and Amap. I make this Declaration in support of Plaintiff's Memorandum in Support of the Motion for Entry of Default and Default Judgment.

2. This Declaration addresses the nineteen Defaulting Defendants against whom the motion is brought: fifteen of which are resident in the PRC (Nos. 1, 4, 6, 8, 14, 15, 19, 21, 25, 28,

29, 34, 36, 40, and 43); three, Nos. 10, 11, and 24, are resident in the Socialist Republic of Vietnam; and one, No. 137, is resident in the Hong Kong Special Administrative Region. I do not address Defendant No. 3, as to which Plaintiff does not seek relief by the motion. Each Defaulting Defendant, its platform, and its platform-disclosed address is set out in Exhibit A.

3. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. My investigation was directed to that threshold question: whether, after reasonably diligent efforts to ascertain and to verify, the address of each Defendant is a real, current location that can be connected to that Defendant.

4. For the eighteen Defaulting Defendants that sell on Amazon, I began with the address that Amazon displayed in the seller's seller-profile page; for Defendant No. 137, which transacts through PayPal, I began with the address shown on its PayPal business-license tab. Those addresses are set out verbatim, with an English gloss, in Exhibit A. The Amazon profile pages were captured on dates between September 1, 2025, and October 30, 2025, as shown by the browser date stamp on each capture; the capture date for each Defendant is stated in Exhibit A.

5. For each Defaulting Defendant, the stated address was searched on independent, publicly available resources and a screenshot was captured. For each of the fifteen PRC Defendants the resources were a Google web search, Google Maps, and Baidu Maps (百度地图); for Nos. 4, 6, 15, and 29 an Amap (高德地图) search was also captured in the vendor's return, and on September 30, 2026 Amap captures were made for Nos. 1 and 25. For the three Vietnam Defendants the resources were a Google web search and Google Maps; Baidu Maps captures were also run for them and returned no relevant result for Nos. 10 and 24 and an unrelated

United States result for No. 11, and because the PRC mapping services do not apply to a Vietnamese address those captures are omitted from Exhibit A. In four Google Maps captures (Nos. 14, 19, 29, and 40) the search string was not the full stated address, as paragraph 11 states. The searches in the vendor's return are dated August 17, 2026 in the vendor's table; the search captures themselves carry no date stamp. The mechanical searching and screen-capture was performed by a research vendor and by me or a research associate working under my direction. I personally examined every capture, and I personally read and interpreted the Chinese-language search results and, for the Vietnam Defendants, reviewed the Vietnamese-language results. The results of those captures are summarized, by Defendant, in Exhibit A.

6. Reading and interpreting the search results, I determined that for none of the eighteen PRC and Vietnam Defaulting Defendants did the searches verify the stated address as a real, current location connected to that Defendant. The results fell into the following levels, stated in Exhibit A for each Defendant: for Nos. 6, 15, 19, 29, and 43 a building was located but not the stated unit or room, and for Nos. 6, 15, and 29 the Amap capture is the one that located it; for No. 1 the stated address is itself building-level and names no unit, and it was located (293 Weichang Road, Building 2); for No. 8 the compound was located, the stated address naming a unit and room but no building; for No. 14 the compound was located but the stated building was not; for Nos. 25 and 28 a street number was located but the stated room (or, for No. 25, any unit) was not, and the number is shared by unrelated businesses or tied to an unrelated business; for No. 36 the road was located but not the stated number; for Nos. 21, 34, and 40 only a community, village, or township was located; and for No. 4 the stated plot was not located, the nearest result being a neighboring plot on a different road. The Vietnam addresses (Nos. 10, 11, and 24) name a ward-level group, a town, or a commune, and no house number; none of them

resolved below ward, town, or commune level. The specific per-Defendant findings are in Exhibit A and I incorporate them here.

7. I checked each of the fifteen PRC Defaulting Defendants against the Tianyancha (天眼查) PRC business-registry database, and I personally read the Chinese-language registry records. The search was by the Business Name recorded in the Amazon seller record and, where the storefront name differed, by the storefront name; for five Defendants whose Business Name returned nothing (Nos. 4, 6, 19, 21, and 43), a Chinese-character rendering of the name, prepared by a researcher and not supplied by Amazon, was also searched. For selected matched entities a basic-information record and an abnormal-operation record were pulled. No address-key search or shared-unit search was run. For No. 4 the Business Name searched differs by one syllable from the name on the 2025 Amazon capture ("Shang" on the capture, "Sang" in the name searched), so I do not rely on the registry result for No. 4. The results are compiled in Exhibit B. Of the fifteen PRC Defendants searched, four (Nos. 1, 25, 34, and 40) returned a registered entity whose registered address matches the address searched; eleven did not. For Nos. 8, 15, 28, 29, and 36 the search returned several candidate entities and I examined only some of them, as Exhibit B states.

8. I disclose the following registry and map results, and summarized in Exhibits A and B.

a. No. 1 (LOMTRATS). Tianyancha returns one active entity, 上海远则进出口贸易有限责任公司 (USCC 91310116MACE25AC8A), whose registered address is the building-level string 上海市金山区卫昌路 293 号 2 幢（金石湾经济小区） with no unit, identical to the address searched. In my judgment this does not make the address a known address of the Defendant: the Baidu capture lists other registered companies at

the same building-level string with different rooms, and nothing identifies where in the building the Defendant operates.

b. No. 25 (yiyangshiziyangquqishuankejiyouxiangongsi). One active entity, 益阳市资阳区齐栓科技有限公司 (USCC 91430902MAE4NLG518), is registered at 湖南省益阳市资阳区长春镇经开区致富北路 3 号, identical to the address searched. The Amap capture lists four unrelated businesses at that street number, with no building name and no unit, and the registered technology company does not correspond to any of them.

c. No. 34 (changyingfuzhuangjingyingbu). One active individual business, 夷陵区畅赢服装经营部 (USCC 92420506MACEB3210W), is registered at a rural village address recorded as self-declared (自主申报), identical to the address searched. The map searches reached only village and township level.

d. No. 40 (daixuejingarts). One active entity, 仙游县麦莘立贸易有限公司 (USCC 91350322MAE3G74742), is registered at the address searched, and its legal representative, 戴雪晶, corresponds to the storefront name. I regard this as the strongest link between a storefront and a registrant in the case. The address is a village location with no road name, and the map searches did not locate the stated house.

e. Nos. 6, 8, 14, 15, 19, 28, 29, 36, and 43. For Nos. 8, 14, 15, 19, 28, 29, and 36 the registry returns one or more entities that are not registered at the address searched, as Exhibit B states; for Nos. 6 and 43 the name search returned no matching entity. For Nos. 15 and 29 the Amap captures locate a building (Building 18 of the Wangtang Industrial Zone, and Building 107 of Honghua Community), for No. 6 Amap locates Building 76 of Siji Zone 4, for No. 19 Baidu locates Building 8 of Yongjun Zone 2, and for No. 43 Baidu locates Building 7 of Danxi Zone 3; I disclose each. In each case the

stated room or unit was not located and no registered entity connected to the storefront was found at the address. For No. 43 the storefront name also returns trademark and email matches to Zhongshan, Guangdong companies, whose registered addresses I did not examine.

f. Registry detail for Nos. 8, 14, 15, 19, 28, 29, and 36. For No. 8 the Business Name corresponds to three differently written entities; the two I examined, one active and one revoked, are not registered at the address searched, and I did not examine the third, which is cancelled. For No. 15 the registry returns about twenty candidate entities; the first two, both registered through business-secretary service companies, are not at the disclosed Xili-subdistrict address. For No. 28 three candidate entities are returned; the two I examined are not registered at the address searched, and one is on the abnormal-operation list. For No. 36 four candidates are returned; I examined the two active ones, which are registered in Baiyun District, not Nansha District where the address searched is located, and the closer of them is officially listed as unreachable at its registered address; the other two are cancelled and revoked and I did not pull their addresses. For No. 29 the Business Name is a natural person's name; the search returns twenty results, nearly all matching on a person's name as legal representative, executive, or partner, and the two I examined are registered in Liaoning and Shenzhen; I did not examine the others. For No. 14 the single matching entity is registered in a different district of Liuzhou than the address searched. For No. 19 the name search returned no entity under the Business Name, and the only candidate identified from a Chinese-character rendering is registered in a different subdistrict. The map searches for these

Defendants located at most a building, compound, or street number (for No. 36, only the road), and not the stated unit or room.

9. The three Vietnam Defendants (Nos. 10, 11, and 24) are resident in the Socialist Republic of Vietnam; the PRC business registry does not apply to them and I did not run it. Each storefront's Business Name is a Vietnamese personal name. On the searches: the address for No. 10 (Dong Phu Ward, Dong Hoi) resolved only to a postal-code point near Dong Hoi, with the ward and residential group not located; the address for No. 11 (Quy Dat Town, Minh Hoa) resolved to the town only, with unrelated local places listed; and the address for No. 24 (Dai Trach Commune, Bo Trach) resolved only to commune-level text results and to two map results in other provinces. None of the three addresses includes a house number. The Vietnam queries were entered in romanized form without diacritics. The Baidu captures for the Vietnam Defendants are omitted from Exhibit A for the reason stated there.

10. Hong Kong Defendant (No. 137). PayPal disclosed for No. 137 the address "7/F., DAWNING HOUSE,145 CONNAUGHT ROAD CENTRAL,SHEUNG WAN, Hong Kong, Hong Kong, 999077, HongKong 999077," and the same address appears on the contact page of the Defendant's own website, giftsflash.com, which gives the seller's legal name as "GiftsFlash." The address was searched on Google web search, Google Maps, and Baidu Maps. Google Maps located the building, Dawning House, at 145 Connaught Road Central, Sheung Wan; the result is the building's own listing, categorized as a "Corporate office," with a website (mhh.com.hk) and telephone number (+852 2545 8588), neither of which is the Defendant's. Google's web results describe Dawning House as a 12-to-13-story multi-tenant commercial office building housing small and medium enterprises, trading companies, and professional services. The stated address names a floor but no unit, and no result identifies any occupant of the seventh floor or places the

Defendant, "GiftsFlash," or the PayPal business-license name 杨军 (Yang Jun) at the address. Baidu Maps returned no relevant place; it does not cover Hong Kong, and I do not rely on it. In my judgment, the building can be located, but the search does not verify the stated address as a business or mailing address of the Defendant: the only sources connecting the Defendant to it are the Defendant's own statements to PayPal and on its website.

11. In four Google Maps captures the search string shown is a shorter string or a place name rather than the full stated address (Nos. 14, 19, 29, and 40); Exhibit A says so for each. The Amazon profile recaptures of September 30, 2026 for Nos. 1 and 25 show only the lower lines of the address block, and I do not rely on them to show whether the upper lines are displayed.

12. For the fifteen PRC Defaulting Defendants, the stated address does not verify as a real, current location connected to the Defendant, and no registered entity has been shown to be the seller at the stated address; where a registrant sits at the address (Nos. 1, 25, 34, and 40) I have disclosed it and explained why it does not, in my judgment, make the address known as this Defendant's. The Vietnam Defendants and Defendant No. 137 are addressed in paragraphs 9 and 10.

13. Exhibit A is a true and correct compilation of the search results described above, with the Defendant-by-Defendant findings drawn from the captures. Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above. Both Exhibits were prepared in the course of an investigation I conducted or supervised, and I reviewed the Chinese-language records they contain.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 2, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
JiangIP LLC
Of counsel for Plaintiff Chi Keung Lai